## CHARLES G. BRYANT versus MARCENA JOHNSON.

Injury, or danger of injury, is essential to the maintenance of an action of *audita querela*.

Such action is in the nature of a bill in equity, to obtain relief against oppression. It lies where, after judgment, the debt has been paid or released, and yet the debtor is arrested, or in danger of being arrested, on an execution issued on such judgment; and where the debtor has had no opportunity to avail himself of such payment or release, in defence; and in other cases where a defendant had good matter to offer in defence, but had no opportunity to offer it before judgment against him.

If a levy on land be nugatory and void, the action of *audita querela* cannot be maintained by reason of such levy.

When an execution is issued under the seal of the Court, the presumption is, that it was issued by order of Court.

THIS was an action of *audita querela*. The facts appear at the commencement of the opinion of the Court.

*Kent*, for the plaintiff, said that although this was an unusual action, yet it was expressly given by statute, which regulated the process and gave the form. St. 1821, c. 63, § 7; Rev. St. c. 141.

If judgment has been rendered, but an execution has improperly issued, and been executed upon the property of the debtor, this is the appropriate remedy. *Johnson* v. *Harvey*, 4 Mass. R. 483; *Lovejoy* v. *Webber*, 10 Mass. R. 101; *Skillings* v. *Coolidge*, 14 Mass. R. 43; *Thacher* v. *Gammon*, 12 Mass. R. 270; *Brackett* v. *Winslow*, 17 Mass. R. 153.

Here two executions were issued, purporting to be in force, at the same time, on the same judgment. The last one was erroneously issued, and the proceedings under it vexatious and illegal. It is this execution and those proceedings that we

seek to set aside by this process. Stat. 1820, c. 60. The issuing of an execution is a mere ministerial act of the clerk, and not a judicial one of the Court. 10 Mass. R. 356; 1 Pick. 214.

The process was rightly brought against the judgment cred= itor, and not against the assignee. Petersd. Abr. Title, Audita Querela; 2 Little, 357.

*Hathaway,* for the defendant, said that the attorney had no lien on the execution beyond the amount tendered, and there= fore it was wrongfully withheld by him. *Ocean Ins. Co.* v. *Rider,* 22 Pick. 210. The act of the clerk was entirely proper in itself, and was the only means of saving the attachment by which alone the debt could be obtained.

No one but a person injured can maintain this process. 6 Dane, 319; Com. Dig. Title, Aud. Qu. E. 6; *Lovejoy* v. *Webber,* 10 Mass. R. 103; *Brackett* v. *Winslow,* 17 Mass. R. 158. Here was no misconduct in the creditor, but only a laudable vigilance to secure his debt; and no injury to the debtor, if he is an honest man, or willing to submit to the laws of the land.

If the proceedings under this execution were illegal and void, as is alleged for the plaintiff, this action cannot be main= tained; for it will not lie, where the plaintiff's matter of griev= ance is void. 1 Ld. Raym. 439; 1 Salk. 264.

And besides, if there was any thing wrong in issuing the execution, the clerk, being a mere ministerial officer, is liable for it. *Briggs* v. *Wardwell,* 10 Mass. R. 356.

This is an equitable action in the nature of a bill in equity. 3 Black. Com. 405. There can be no equity in this attempt to defraud a creditor by defeating the levy.

The judgment was assigned, all the proceedings were at the instance of the assignee, and the present defendant neither knew nor assented to them. The suit then should not have been brought against him; and had there been ground for it, the action should have been brought against the assignee. Hammond on Parties, c. 4.

The opinion of the Court was drawn up by

WHITMAN C. J. — The defendant having sued out a writ against the plaintiff and caused his real estate to be attached, and afterwards, having recovered judgment against the plaintiff in the same suit, his attorney took out execution thereon, which he refused to have levied upon the real estate attached or to deliver the same to the defendent, till paid a balance due on account, or for his fees and disbursements in the suit. The defendant, afterwards, assigned his judgment to one Hinkley, who tendered to the attorney the amount of the costs, as taxed in the suit, and demanded the execution, which the attorney refused to deliver. Hinkley, thereupon, applied to the clerk of the Court, in which the judgment was rendered, for an execution on the judgment, presenting at the same time an affidavit setting forth the above facts; and the clerk thereupon issued one, as if no previous execution had issued; and it was levied in due form upon the real estate attached, and duly returned and recorded as being fully satisfied. No use was ever made of the former execution; and it has long ceased to be in force.

This writ of *audita querela* was brought for the purpose of having the execution, last issued, and the levy made by virtue of it, set aside. Such process, according to the authorities, is "in the nature of a bill in equity, to be relieved against the oppression of the plaintiff." It lies where, after judgment, the debt has been paid or released, and yet the debtor is arrested, or in danger of being arrested, on an execution issued on such judgment; and where the debtor has had no opportunity to avail himself of such payment or release, in defence; and in other cases where a defendant had good matter to offer in defence, but had no opportunity to offer it before judgment against him. 3 Bl. Com. 405. Injury, or danger of injury, seems to be essential to the maintenance of the action.

In this instance it seems to be difficult to perceive how the plaintiff here has been injured. He had not paid the debt before the levy was made. And he has not yet paid it, unless

the levy is valid; and if the levy is valid, he has sustained no injury, unless the payment of an honest debt can be accounted an injury, which, whatever he may think, cannot be so regarded by Courts of justice. He is not under arrest, nor is he in danger of being arrested, on either of the executions; or of being otherwise affected thereby; nor, unless he can disturb the levy, is he in any danger from the judgment recovered against him.

And if the levy is nugatory and void, he cannot be injured by it; and in such case, can have no need of this process. One, says Dane, c. 186, art. 1, need not have this writ where the matter of his grievance is void, as if an extent be sued against him without right; citing 1 Roll. 304, A.

*It is manifest that this species* of process was never designed to admit of taking advantage of mere clerical errors, or technical irregularities, having no connection with the substantial justice of the case. Whether the issuing of the second execution was, on the part of the clerk, an irregularity or not, we do not, in this prosecution, feel ourselves called upon to inquire. Instances have not been unfrequent in which Courts have, where it has been impossible for a creditor in a judgment to avail himself of satisfaction upon a first execution, ordered another to be issued. And, when an execution is issued under the seal of the Court, the presumption is, that it was issued by order of Court. If the clerk should take it upon him to issue an alias execution, when it would not be sanctioned by the Court, and any injury should accrue from it, he, being a mere ministerial officer, might be rendered amenable for it to the party injured. In Jacob, title Execution, it is said that, "if an execution be executed and filed, the party can have no execution upon the judgment." And again, "but if the execution be not returned and filed another execution may be had."

*Plaintiff nonsuit.*