[No. 11346.   Department One.   September 15, 1914.]

ELIZABETH O'DONNELL, *Respondent*, v. HUGH McCOOL
*et al., Appellants.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—LOST EXHIBITS—CERTIFI-
CATE OF JUDGE.   An appeal will not be dismissed for the reason that
the exhibits introduced in evidence at the trial are not incorporated
in, or attached to, the statement of facts, or on file in the supreme
court, where it appears by affidavit that the exhibits have been lost
or mislaid and cannot be found, and that no blame attaches to either
of the parties to the action or their attorneys, but the trial court will
be ordered to supply the exhibits if possible and order a hearing
upon notice to determine whether the copies offered are in fact copies'
of the original exhibits or contain their material substance, and to
certify the result of such hearing to the supreme court.

Motion to dismiss an appeal from the superior court for
Stevens county, Sullivan, J., entered February 5, 1913.   De-
nied.

*Pedigo & Smith,* for appellants.

*Peacock & Ludden* and *Samuel Douglas,* for respondent.

ELLIS, J.—Respondent has moved to dismiss this appeal
for the reason that the exhibits introduced in evidence at the
trial are not incorporated in, nor attached to, the statement
of facts, nor on file in this court.

It appears from the certificate of the trial judge that
these exhibits were ordered to be attached to the state-
ment of facts and are certified to constitute a part of
it.   It also appears by affidavit of one of the attorneys
for the appellants, that the original exhibits have been
lost or mislaid in the clerk's office of the superior court
of Stevens county, that diligent search for them has been
made, but that they cannot be found.   This affidavit, which is
not controverted, fully exonerates the appellants and their
attorneys from blame for the loss of these exhibits, and it is

[1]Reported in 142 Pac. 1135.

not claimed that there is any blame in that regard attaching
to the respondent or to her attorneys.   Upon the discovery,
shortly before the time set for hearing in this court, that the
exhibits were not attached and could not be found, the ap-
pellants applied to Honorable E. H. Sullivan, judge of the
superior court for Spokane, who sat in the trial as visiting
judge for Stevens county, to certify and order attached to
the statement of facts as copies of the original exhibits
copies supplied by the appellants, or to set a time for a hear-
ing upon that application.   Thereupon, the court entered
an order as follows:

"Now on this 27th day of June, 1914, this matter coming
on to be heard in open court before the Hon. E. H. Sullivan,
the judge before whom the above cause was tried while sitting
at Colville, as Judge *pro tem.* of the superior court of the
state of Washington in and for Stevens county, Washington,
and Everett J. Smith appearing for appellants, and Peacock
& Ludden, Esqs. of counsel, appearing for respondents, ap-
pellants respectfully moved the court to certify the attached
files as copies of original exhibits heretofore admitted in evi-
dence in the above cause upon the trial thereof, or to set a
time for further hearing, and appellants having submitted
the affidavits and stipulations hereto attached in support of
said motion, thereupon counsel for respondent refusing either
to agree that this court might certify said copies of said ex-
hibits, or to permit further hearing of the same, the court
not being sufficiently advised declines to take any action in
the premises."

This being an action in equity, triable here *de novo*, it is
manifest that we cannot entertain the appeal without all of
the evidence, including the exhibits.   It is equally manifest
that a grave injustice would result from a dismissal of the
appeal where no fault attaches to the appellants or their at-
torneys.

While there is no statute expressly meeting such a case,
we think that the trial court has the inherent power, under
the circumstances of this case, to supply the exhibits if it
can be done, and to order a hearing upon notice to all parties

concerned, to the end that it may be determined whether or not the copies offered are in fact copies of the original exhibits or contain their material substance.

It is, therefore, ordered that the clerk of this court transmit to the trial judge, Honorable E. H. Sullivan, the papers on file in this cause purporting to be copies of the original exhibits, together with the affidavits in support thereof, and that the trial judge, upon receipt of such papers and upon due notice to the attorneys for all parties to this action, proceed to a full hearing, taking whatever evidence he may deem necessary, and determining whether or not these copies are true copies of, or contain the full material substance of all the exhibits admitted in evidence, make a finding upon such hearing, and certify the result to this court.

The motion to dismiss the appeal is denied.

CROW, C. J., GOSE, MAIN, and CHADWICK, JJ., concur.