**STATE of Maine**

**v.**

**Dennis J. DECHAINE.**

Supreme Judicial Court of Maine.

Argued June 23, 1994.

Decided July 8, 1994.

Michael E. Carpenter, Atty. Gen., Eric E. Wright, Charles K. Leadbetter (orally), Asst. Attys. Gen., Augusta, for State.

Thomas J. Connolly (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Dennis J. Dechaine appeals from a judgment of the Superior Court (Knox County, *Bradford, J.*) ordering him to return certain trial exhibits to the custody of the State. Dechaine argues that the court had no jurisdiction because there was no pending proceeding and because the State had waived any rights to the former exhibits by failing to appeal a prior order that granted Dechaine the right to remove the property from the office of the clerk of court. We affirm the judgment.

The facts of the underlying criminal case are set out in detail in two prior opinions, *State v. Dechaine,* 572 A.2d 130 (Me.1990), *cert. denied,* 498 U.S. 857, 111 S.Ct. 156, 112

L.Ed.2d 122 (1990) (direct appeal), and *State v. Dechaine,* 630 A.2d 234 (Me.1993) (appeal of denial of motion for new trial), and need not be repeated here. Dechaine was convicted of murder and gross sexual misconduct in March 1989. In December 1990, he sought to acquire items of evidence that he had introduced as defense exhibits at trial. The State objected to this request, arguing that some of the exhibits were collected by the State in its investigation. A hearing was held in February 1991, after which the court denied Dechaine's motion and ordered that the evidence remain with the clerk of court.

In April 1992, the clerk of court sent a form letter to defense counsel, indicating that pursuant to Administrative Order SJC–114 [1] the clerk would dispose of evidence left with the court unless retrieved within two weeks. Defense counsel replied to the clerk by expressing an interest in picking up the defense exhibits. Counsel also stated, "You should be aware that there is a previous Court Order in this matter." The court responded with a form order authorizing the disposal of exhibits unless retrieved within 30 days. The order referred to Administrative Order SJC–114, but did not otherwise state which party was entitled to which exhibits. In May, defense counsel received all defense exhibits from the clerk. Some of those exhibits had been obtained by the State during its investigation of the underlying criminal case.

On December 13, 1993, the State filed a motion seeking the return of the defense exhibits that it had obtained during its investigation. After a hearing, the court ordered defense counsel to turn over all such exhibits, and further ordered that the exhibits were to be kept by the state crime laboratory and not destroyed unless specifically ordered by the court.

 On appeal, Dechaine argues that the court had no jurisdiction to order the return of the exhibits, first because there

was no pending proceeding and second because the State waived any rights it had by failing to appeal within 30 days of the form order relating to the retrieval of the exhibits. The State responds that the court has the inherent power to protect the integrity of evidence. It is well settled that the court has inherent power to control the procedures used in cases before it. *See* M.R.Crim.P. 1(c) (where not "specifically prescribed," the court may set its own procedure, so long as not otherwise contrary to law); 1 David P. Cluchey & Michael D. Seitzinger, *Maine Criminal Practice* § 1.5 at I–8 (1992). Accordingly, the court has the power to protect evidence, including requiring the resubmission of exhibits that have been mistakenly released from the court's custody. *See State v. Bradley,* 175 Wash. 481, 27 P.2d 737, 741 (1933) (if exhibits have been released before appeal, the appellate court has the inherent power to order the former exhibits reidentified and certified for examination on appeal); *O'Donnell v. McCool,* 81 Wash. 452, 142 P. 1135, 1136 (1914) (if exhibits are lost through no fault of the parties, the court has the inherent power to certify copies as substitute exhibits). The Superior Court's order was proper.

The entry is:

Judgment affirmed.

All concurring.

---

1. In relevant part, SJC–114 states: "Upon the final determination of any action, all remaining exhibits shall be removed from the custody of the clerk by the counsel for the party who offered them, unless otherwise ordered by the court...." Order in Regard to Marking, Removal, and Disposal of Nondocumentary Exhibits (Criminal Actions), No. SJC–114 (Feb. 1, 1989). In the present case, the court's previous order that the exhibits in question were to remain in the court's custody was such a contrary order.