2000 ME 53

**Kim DIEP**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 25, 2000.

Decided March 29, 2000.

Stuart Tisdale, Tisdale & Davis, P.A., Portland, for petitioner.

Stephanie Anderson, District Atty., Julia A. Sheridan, Asst. Dist. Atty., Portland, for State.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Kim Diep appeals from the summary dismissal by the Superior Court (Cumberland County, *Studstrup, J.*) of his petition for post-conviction review. On appeal, Diep argues that the court erroneously interpreted a statute of limitations section of the post-conviction review statute as a limitation on the subject matter jurisdiction of the court. The State agrees that the Superior Court erred. We vacate the judgment.

[¶ 2] The relevant facts may be summarized as follows: In September of 1996, Diep was indicted on charges of burglary, aggravated assault, and violating a protection from abuse order. Prior to trial, Diep's attorney negotiated a plea bargain. The aggravated assault charge was amended to allege conduct that was reckless, rather than intentional or knowing, and the other two charges were dropped in exchange for Diep's guilty plea. Diep alleges that his attorney believed that a conviction based on reckless conduct would not be a crime of moral turpitude as defined by federal immigration law and therefore Diep, a resident alien, would not be subject to deportation. The Superior Court (Cumberland County, *Cole, J.*) accepted the plea and entered judgment in August of 1997, sentencing Diep to a five year term of imprisonment, all but a year and three months suspended, in addition to a four year term of probation.

[¶ 3] Diep now contends that his attorney was misinformed about federal immigration law. According to Diep, a conviction for an aggravated felony renders aliens deportable under the Immigration and Nationality Act regardless of the culpable mental state involved. In March of 1999, the Immigration and Naturalization Service (INS) detained Diep and commenced deportation proceedings against him based solely upon the Maine conviction for aggravated assault. Three months later, Diep filed the present petition for post-conviction review, in which he contends that he received ineffective assistance of counsel: If his attorney had correctly advised him about the risk of deportation following the entry of his guilty plea, Diep would not have accepted the bargain but would have insisted upon a trial. The Superior Court, on its own motion, summarily dismissed the petition on

the ground that it failed to demonstrate that the court had subject matter jurisdiction. Diep appeals from this judgment.

[¶ 4] Maine Rule of Criminal Procedure 70(b) allows a court to summarily dismiss a petition for post-conviction review for two faults, either of which must "plainly appear[ ] from the face of the petition ...." M.R.Crim. P. 70(b). Dismissal is warranted if the petition fails "to state a ground upon which post-conviction relief can be granted" or if it fails to demonstrate that the court has subject matter jurisdiction. *Id.* The Superior Court in this case reasoned that Diep had failed to show compliance with either 15 M.R.S.A. § 2128(5) & (6) and that, in the absence of such compliance, the court did not have subject matter jurisdiction. This was error.

[¶ 5] The subject matter jurisdiction of courts hearing petitions for post-conviction review is governed by section 2124, not section 2128. According to section 2124, the court would have jurisdiction if Diep demonstrated that he was under a present restraint as a result of the conviction for aggravated assault. *See* 15 M.R.S.A. § 2124(1) (Supp.1999). A present restraint includes "[o]ther restraint[s] [aside from incarceration], including probation ... imposed as a result of the sentence for the criminal judgment which is challenged." *Id.* § 2124(1)(B). The petition indicates that Diep was still serving the four year term of probation imposed following his guilty plea. Thus, the court did have subject matter jurisdiction.

[¶ 6] The limitations periods also cannot be used to justify a summary dismissal on the theory that Diep had failed "to state a ground upon which post-conviction relief can be granted." M.R.Crim. P. 70(b). Sections 2128(5) & (6) do provide for the waiver of valid claims. *See* 15 M.R.S.A. § 2128 (Supp.1999). Thus, if Diep's petition were to affirmatively disclose a failure to adhere to the limitations period, summary dismissal might be appropriate. Diep, however, argues that his claim falls under subsection (5)(C), which provides a "one year period of limitation" that runs from "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 15 M.R.S.A. § 2128(5)(C) (Supp.1999). Diep claims that he did not discover and could not have discovered through due diligence that his attorney had given incorrect advice before March of 1999, when the INS detained him and began deportation proceedings. The petition does not disclose on its face a failure to exercise due diligence. Accordingly, the resolution of this factual question may not form the basis of a summary dismissal, but must instead be left to future proceedings before the Superior Court.

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with the opinion herein.