2004 ME 15

**STATE of Maine**

v.

**Geno L. TROTT.**

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2004.

Decided: Feb. 10, 2004.

G. Steven Rowe, Attorney General, Charles K. Leadbetter, State Solicitor

(orally), Augusta, Mark Lawrence, District Attorney, Tara K. Bates, Esq., of Counsel, Alfred, for State.

Robert A. Levine, Esq. (orally), Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA,* ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Geno L. Trott appeals from a judgment of the District Court (Biddeford, *Janelle, J.*) dismissing, for lack of subject matter jurisdiction, his petition for a writ of *coram nobis* and for post-conviction review. Trott contends that the District Court may review his conviction pursuant to the common law writ of *coram nobis* and that, because he is a noncitizen facing possible deportation, he has an independent constitutional right to some forum for post-conviction review of judgments resulting from his no contest pleas to two criminal charges. Because the District Court correctly concluded that the Superior Court is the proper forum for Trott's effort to obtain post-conviction relief, we affirm the District Court judgment.

## I. CASE HISTORY

[¶ 2] In a three-count criminal complaint, Geno L. Trott was charged with assaulting his wife (Class D), 17–A M.R.S.A. § 207(1)(1983), terrorizing his wife (Class D), 17–A M.R.S.A. § 210(1)(A) (1983 & Supp.2001), and obstructing the report of a crime (Class D), 17–A M.R.S.A. § 758(1)(A) (Supp.2003). At his arraignment, Trott pled not guilty. Subsequently he was assigned counsel to assist in his defense.

[¶ 3] On December 18, 2001, Trott appeared with his attorney and pled no contest to the terrorizing and obstructing the report of a crime charges. In return, the State dismissed the assault charge. Upon the convictions, Trott was sentenced to sixty days in the county jail, with credit for time served. The court added to the complaint a notation: "Not domestic violence cases." Because Trott had been incarcerated for more than sixty days since he had been charged, he was released without further restriction or any term of probation.

[¶ 4] In early 2003, Trott, who is a citizen of Bermuda, applied to the Bureau of Citizenship and Immigration Services for an adjustment of his citizenship status. Upon review of his record, it appeared to BCIS that the 2001 convictions constituted crimes of domestic violence that may be deportable offenses pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) (1999). Each of Trott's convictions may be domestic violence crimes because they involved "use, attempted use, or threatened use of physical force" against Trott's wife. 18 U.S.C. § 16(a)(2000).

[¶ 5] In April of 2003, Trott filed in the District Court a motion to vacate his convictions. Trott asserted that the convictions, based on his no contest pleas, were obtained in violation of his right to effective assistance of counsel and right to due process. Essentially, Trott argued that counsel should have investigated and advised him regarding possible immigration consequences of any plea prior to his entry of his pleas. The District Court denied the motion. The court concluded that it lacked subject matter jurisdiction of the motion, citing 15 M.R.S.A. § 2123 (Pamph. 2002), which vests jurisdiction of petitions

---

* Although *not* available at oral argument, Justice Dana participated in the development of this opinion. *See* M.R.App. P. 12(a) (stating that a "qualified justice may participate in a decision even though not present at oral argument").

for post-conviction review with the Superior Court.[1]

[¶ 6] As he did in District Court, Trott argues to us that the common law writ of *coram nobis* remains available to provide him a remedy if no other remedy is available and that, in addition, he has a constitutional due process right to have the District Court consider the merits of his motion when he is facing deportation as a result of the convictions. These arguments need be reached only if, as Trott assumes, no remedy was available to him through the post-conviction review statute, 15 M.R.S.A. §§ 2121–2132 (2003).

[¶ 7] The District Court ruled as a matter of law that Trott's remedy, if any, was provided by the post-conviction review statute. We review de novo trial court decisions on issues of law. *Botka v. S.C. Noyes & Co.*, 2003 ME 128, ¶ 18, 834 A.2d 947, 952. Accordingly, prior to addressing Trott's contentions, we must first determine whether the District Court erred in its legal conclusion that, pursuant to the post-conviction review statute, the Superior Court had exclusive jurisdiction of Trott's claims seeking post-conviction relief.

## II. LEGAL ANALYSIS

[¶ 8] The post-conviction review statute, at 15 M.R.S.A. § 2122, provides that: "except for direct appeals from a criminal judgment" it is "the exclusive method of review of those criminal judgments ...." Section 2122 also states that: "It is a remedy for illegal restraint and other impediments specified in section 2124 that have occurred directly or indirectly as a result of an illegal criminal judgment or post-sentencing proceeding." Section 2124

provides that an action for post-conviction review may be brought when the petitioner demonstrates that the challenged criminal judgment "is causing a present restraint or other specified impediment" as described in section 2124. The relevant restraints or impediments to be considered for purposes of this appeal are stated in subsection 1 of section 2124. Subsection 1 defines "present restraint by criminal judgment" as follows:

1. **Present restraint by criminal judgment.** Present restraint or impediment as a direct result of the challenged criminal judgment:

A. Incarceration pursuant to the sentence imposed as a result of the criminal judgment which is challenged;

B. Other restraint, including probation, parole, other conditional release or a juvenile disposition other than incarceration or probation, imposed as a result of the sentence for the criminal judgment which is challenged;

C. A sentence of unconditional discharge resulting from a criminal judgment, for a period of 2 years following the date of sentence;

D. Incarceration, other restraint or an impediment specified in paragraphs A, B and C which is to be served in the future, although the convicted or adjudicated person is not in execution of the sentence either because of release on bail pending appeal of the criminal judgment or because another sentence must be served first; or

E. A fine imposed by the challenged criminal judgment which has not been paid;

15 M.R.S.A. § 2124(1)(2003).

[¶ 9] Trott's situation does not qualify as present restraint under paragraphs

---

1. Effective September 13, 2003, 15 M.R.S.A. § 2123 was amended by operation of P.L. 2003, ch. 29, § 2. The 2003 amendment, effective after the District Court proceedings

were completed, does not affect the issues on this appeal or the rights addressed in this opinion.

A, D, or E of subsection 1. Accordingly, we examine paragraphs B and C to determine if either provides a basis for Trott's petition. As a result of the judgment of conviction, Trott is presently subject to restraint in the course of the deportation proceedings. However, this restraint is imposed as a result of the judgment itself, not the sentence for the judgment. Paragraph B addresses restraint as a result of the "sentence" rather than the criminal judgment. Thus, paragraph B of subsection 1 does not apply to Trott's situation.

[¶ 10] Paragraph C defines present restraint by criminal judgment to include a sentence of unconditional discharge resulting from a criminal judgment, for a period of two years following the date of sentence. Trott's conviction and sentence to time served has caused a direct or indirect impediment resulting from a criminal judgment as contemplated by 15 M.R.S.A. § 2122. However, a sentence to "time served" with no further restraint or restriction, as was imposed on Trott, does not appear to have been contemplated by the drafters of section 2124 in defining the various sentencing choices that may constitute "present restraint." We must determine whether paragraph C may be interpreted, in light of the overall purpose and intent of the post-conviction review statute, to include within its coverage a sentence to time served without further restriction.

[¶ 11] When the post-conviction review statute was adopted in 1979, unconditional discharge was described in the Criminal Code at 17–A M.R.S.A. § 1201(2) (Pamph. 1979). Originally, the unconditional discharge sentencing choice provided that if there was no need for probation or other guidance or supervision of an offender "and no proper purpose would be served by imposing any condition or supervision on his release, he shall be sentenced to an unconditional discharge." 17–A M.R.S.A. § 1201(2). The unconditional discharge provision was amended by P.L.1999, ch. 24, § 5 and moved to its own section of the Criminal Code, 17–A M.R.S.A. § 1346 (Supp.2003). Section 1346 provides that a person who is eligible to be sentenced to probation pursuant to 17–A M.R.S.A. § 1201(1), "and for whom a court determines that no other authorized sentencing alternative is appropriate punishment must be sentenced by the court to an unconditional discharge."

[¶ 12] A sentence to time served without probation or other form of restraint or supervision is identical to an unconditional discharge in that it represents a determination by the court that, at the time of sentencing, "no proper purpose would be served by imposing any condition or supervision" on an offender's release. 17–A M.R.S.A. § 1201(2)(1983). As of the moment Trott was sentenced, he was subject to no further impediment, supervision, or condition. If anything, the disposition in his case may be viewed as a more significant restraint or impediment than a straight unconditional discharge because it reflected that, while no further restraint or impediment was being imposed, a proper purpose had been served by Trott having spent time in jail awaiting disposition.

[¶ 13] We will not construe legislation to create absurd results. See Town of Eagle Lake v. Comm'r, Dep't of Educ., 2003 ME 37, ¶ 7, 818 A.2d 1034, 1037. Such a result would occur here if we construe section 2124(1)(C) to allow consideration of a post-conviction review petition as a result of an unconditional discharge where an individual had served no time in jail prior to sentencing—or where any jail time that the individual had served was not recognized in the sentence—but we deny consideration of a post-conviction review petition where an individual was similarly

released without further restraint but had previously served some time in jail which was recognized in the time served sentence. A sentence to time previously served, imposed without any additional term of probation or other restriction on the individual, is the functional equivalent of an unconditional discharge as that term is addressed by the post-conviction review statute. Such a time served sentence is a present restraint by criminal judgment pursuant to section 2124(1)(C). Accordingly, the District Court correctly determined that a remedy was available for Trott to address his concerns through post-conviction review and that exclusive jurisdiction for that remedy rested with the Superior Court.

[¶ 14] In reaching this result, we note that the factual record of counsel's representation of Trott before the District Court is not complete. Further, we express no opinion as to whether or to what extent as a matter of fact or law, Trott may presently be entitled to relief through a post-conviction action in the Superior Court. We only determine that the District Court's limited ruling was correct.

The entry is:

Judgment affirmed.