2004 ME 88

**STATE of Maine**

v.

**Scott LIBERTY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 27, 2004.

Decided: July 19, 2004.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

forcible entry action, delayed the forcible entry proceedings.

Robert E. Sandy Jr., Sherman & Sandy, Waterville, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Scott Liberty appeals from the denial of his motion to set aside his guilty pleas, filed pursuant to M.R.Crim. P. 12(b)(2), in the District Court (Portland, *Lawrence, J.*). Liberty argues that his motion should have been granted because (1) the complaint charging him with assault was defective in that it failed to state that the charged assaults were domestic assaults, and (2) his arraignment did not comply with M.R.Crim. P. 5. Liberty also argues that the District Court should have held an evidentiary hearing on his motion. We affirm the denial of the motion as we conclude that Liberty was seeking postconviction relief, which is not available to him through M.R.Crim. P. 12.

## I. BACKGROUND AND PROCEDURE

[¶ 2] On July 5, 2000, a complaint was filed in the District Court charging Liberty with five offenses: two counts of assault (Class D), 17–A M.R.S.A. § 207 (Supp. 2000); terrorizing (Class D), 17–A M.R.S.A. § 210(1)(A) (Supp.2000); criminal trespass (Class D), 17–A M.R.S.A. § 402(1)(D) (Supp.2000); and harassment by telephone (Class E), 17–A M.R.S.A. § 506(1)(B) (1983).[1] At Liberty's arraignment, he appeared with counsel and waived reading of the complaint. He pled guilty to all five offenses. He was sentenced to four consecutive sentences of 364 days in the county jail and one consecutive

sentence of 180 days. The sentences were all suspended except for forty days on the terrorizing count. The court also imposed five consecutive terms of probation of one year each. Liberty did not appeal the convictions or the sentences.

[¶ 3] Over the course of the next three years, Liberty was before the court several times. The State brought motions for revocation of probation, and the court ordered partial revocations. In addition, both the State and Liberty filed motions to amend bail conditions; some were granted and some were denied.

[¶ 4] More than three years after his convictions, Liberty filed a motion to set aside his guilty pleas on the two assault counts. The motion purports to be pursuant to M.R.Crim. P. 12(b)(2), and alleges that the complaint was defective and the arraignment was improper. The District Court denied the motion without a hearing, concluding that the complaint was not defective and that Liberty had not demonstrated any prejudice from his arraignment.

## II. DISCUSSION

[¶ 5] In essence, Liberty challenges his convictions for assault on the grounds that the complaint was defective because it did not allege that the assaults were domestic assaults and that his arraignment on the assault charges was not in conformity with M.R.Crim. P. 5. With regard to his arraignment, Liberty claims that the court did not inform Liberty of the substance of the charges against him, in spite of the fact that Liberty appeared at his arraign-

1. Title 17–A M.R.S.A. § 207 has since been amended by P.L. 2001, ch. 383, § 10 (effective Jan. 31, 2003), *codified at* 17–A M.R.S.A. § 207 (Supp.2003). Title 17–A M.R.S.A. § 210(1)(A) has since been amended by P.L. 2001, ch. 383, § 11 (effective Jan. 31, 2003),

codified at 17–A M.R.S.A. § 210(1)(A) (Supp. 2003); and 17–A M.R.S.A. § 402(1)(D) has since been amended by P.L. 2001, ch. 383, § 56 (effective Jan. 31, 2003), *codified at* 17–A M.R.S.A. § 402(1)(D) (Supp.2003).

ment with counsel who waived reading of the complaint.

 [¶ 6] The allegations that Liberty makes regarding the complaint and his arraignment are typically found in post-conviction review petitions. *See* 15 M.R.S.A. §§ 2121–2131 (2003 & Supp. 2003); M.R.Crim. P. 65–73. Other than direct appeal, post-conviction review is the exclusive method of reviewing criminal convictions. *State v. Trott*, 2004 ME 15, ¶ 8, 841 A.2d 789, 791.

[¶ 7] Liberty filed his motion pursuant to Rule 12(b)(2), which requires a defendant who has a defense or objection based on a defect in the complaint to raise it by motion before the trial or it is deemed waived. The rule provides, however, that if the complaint fails to charge an offense or there is a lack of jurisdiction, the defendant can bring the matter to the attention of the court "at any time during pendency of the proceeding." Thus, Liberty's Rule 12(b)(2) motion may only be granted if he brought it while the proceeding was pending. The proceeding stopped being a pending proceeding once sentence was imposed on Liberty and no direct appeal was filed. Thus, Liberty is simply too late to bring a Rule 12(b)(2) motion three years after he was sentenced.

[¶ 8] We could ignore the label of the motion if there were another procedural vehicle to challenge the convictions, and if Liberty met the requirements of that other procedural vehicle. The most obvious vehicle is the post-conviction review process, but that has its own procedural requirements. 15 M.R.S.A. §§ 2123–2129. The most obvious of those requirements is that only the Superior Court has jurisdiction over post-conviction review proceedings, *id.* § 2123(1), but Liberty's motion challenging his conviction was filed in the District Court. Because Liberty has not met the procedural requirements of the post-conviction review process, we cannot treat the denial of the Rule 12(b)(2) motion as though it were a denial of a petition for post-conviction review. Liberty has not brought to our attention any other mechanism that allows him to challenge his conviction three years later.

The entry is:

Judgment affirmed.