2006 ME 35

**STATE of Maine**

v.

**Anthony L. JOHNSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 29, 2005.

Decided: April 5, 2006.

Geoffrey A. Rushlau, District Attorney, Carrie L. Carney, Asst. Dist. Atty., Rockland, for State.

Daniel C. Purdy, Esq., Waldoboro, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Anthony L. Johnson appeals an order entered in the Superior Court (Knox County, *Atwood, J.*) granting the State's motion, pursuant to M.R.Crim. P. 1(c), to redesignate Johnson as a "sexually violent predator" by amending an earlier judgment that designated him, erroneously, as a "sex offender" under the Sex Offender Registration and Notification Act of 1999 (SORNA), 34–A M.R.S.A. §§ 11201–11252 (Supp.2000).[1] Johnson contends that, because there was a "procedure ... specifi-

---

1. Title 34–A M.R.S.A. §§ 11201–11252 (Supp. 2000) has since been amended. *See* P.L.2005, ch. 423, §§ 1–23 (effective Sept. 17, 2005) (codified at 34–A M.R.S. §§ 11201–11256 (2005)).

cally prescribed" within the meaning of Rule 1(c) for the State to use to correct the court's prior erroneous judgment, namely M.R.Crim. P. 35(a), Rule 1(c) was improperly invoked as an alternative remedy. We agree with Johnson, and vacate the judgment.

## I. BACKGROUND

[¶ 2] On November 7, 2000, pursuant to M.R.Crim. P. 11, Johnson entered a plea of guilty to, and was found guilty of, one count of sexual abuse of a minor (Class C), 17–A M.R.S. § 254 (2005).

[¶ 3] SORNA required the court to determine, at the time of Johnson's conviction, whether he was a "sex offender" or a "sexually violent predator." [2] 34–A M.R.S.A. § 11222(1). SORNA defined a sex offender as "a person who is an adult convicted ... of a sex offense." 34–A M.R.S.A. § 11203(5). A sexually violent predator was defined as "a person who is an adult convicted ... of a ... [s]ex offense when the person has a prior conviction for which registration is required by this chapter." 34–A M.R.S.A. § 11203(8)(B). People in either category were required to register with the State Bureau of Identification, but for different durations. 34–A M.R.S.A. §§ 11203(1), 11221–11222. A person designated as a sex offender was required to register for a ten-year period. 34–A M.R.S.A. § 11225(1). A person designated as a sexually violent predator, however, was subject to a lifelong registration. 34–A M.R.S.A. § 11225(2).

[¶ 4] The conviction of sexual abuse of a minor constituted a sex offense that required registration under SORNA. See 34–A M.R.S.A. § 11203(6)(B). Because Johnson had a prior conviction for a Class C sexual abuse of a minor in 1993, he had "a prior conviction for which registration is required," and pursuant to SORNA the court should have designated Johnson as a sexually violent predator. 34–A M.R.S.A. § 11203(8)(B).

[¶ 5] On November 8, 2000, the court sentenced Johnson to four years incarceration, with all but eighteen months suspended, followed by four years of probation. On the judgment and commitment form, Johnson was erroneously designated as a sex offender, and not as a sexually violent predator, the category to which he should have been assigned.

[¶ 6] Three years later, on February 12, 2004, the State filed a motion to correct error, pursuant to M.R.Crim. P. 50, to redesignate Johnson as a sexually violent predator.[3] The State argued that the court did not take into account the fact that Johnson had a prior conviction for sexual abuse and that the correct classification for him was a sexually violent pre-

---

**2.** At the time of Johnson's conviction, the Sex Offender Registration and Notification Act of 1999 (SORNA), 34–A M.R.S.A. §§ 11201–11252 (Supp.2000), used the terms "sex offender" and "sexually violent predator." The most recent version of SORNA substitutes the terms "lifetime registrant" for "sexually violent predator" and "ten-year registrant" for "sex offender." See 34–A M.R.S. § 11203 (2005); P.L.2003, ch. 711, §§ C–12, C–15 (effective July 30, 2004).

**3.** Rule 50 of the Maine Rules of Criminal Procedure provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter, while the appeal is pending may be so corrected with leave of the appellate court.

dator. Johnson argued that Rule 50 applied to the correction of clerical errors only, and that the State's sole remedy to correct his sentence was a motion pursuant to Rule 35. Because the State did not file such a motion within one year after the sentence was imposed, Johnson contended that a Rule 35 motion could not be used.[4] The court denied the State's Rule 50 motion by an order dated October 2, 2004. The State did not appeal from that order.[5]

[¶ 7] On March 28, 2005—nearly four and one-half years after Johnson's sentencing hearing and over six months after the court denied its Rule 50 motion—the State filed a motion pursuant to M.R.Crim. P. 1(c) to change the category of Johnson's sex offender registration.[6] The State argued that sex offender registration is a remedial, civil component to a criminal matter, not a punitive part of a sentence, that there is no specific rule pursuant to which it could file its motion, and that a motion pursuant to Rule 1(c), which may

be brought at any time, was the appropriate remedy in the circumstances.

[¶ 8] The court granted the State's motion, agreeing with the State that Rule 35 did not apply because, under the current version of SORNA, sex offender registration is not part of the sentence, but rather an independent order that a defendant must comply with. The court directed the clerk to amend the judgment and commitment to redesignate Johnson as a sexually violent predator, in effect ordering Johnson to satisfy all the requirements of SORNA and register as a sexually violent predator for the remainder of his life.[7] Johnson filed this appeal.

## II. DISCUSSION

■ [¶ 9] The Superior Court's interpretation of the Rules of Criminal Procedure is a legal question that we review de novo. *State v. Trott*, 2004 ME 15, ¶ 7, 841 A.2d 789, 791 ("We review de novo trial court decisions on issues of law."); *cf. Mondello*

---

4. Rule 35 of the Maine Rules of Criminal Procedure states, in pertinent part:

   (a) Correction of Sentence. On motion of the defendant or the attorney for the state, or on the court's own motion, *made within one year after a sentence is imposed*, the justice or judge who imposed sentence may correct an illegal sentence or a sentence imposed in an illegal manner.

   . . . .

   (d) Definitions. A sentence is the entire order of disposition, including conditions of probation, suspension of sentence, and whether it is to be served concurrently with, or consecutively to, another sentence.
   (Emphasis added.)

5. In its order, the court noted that, because there was no record of the November 8, 2000, sentencing hearing available, it could not determine whether it made a substantive legal error or clerical mistake in erroneously designating Johnson as a sex offender.

6. Rule 1(c) of the Maine Rules of Criminal Procedure provides: "When no procedure is specifically prescribed the court shall proceed in any lawful manner not inconsistent with the Constitution of the United States or of the State of Maine, these rules or any applicable statutes." We have affirmed the use of Rule 1(c) and its predecessor, M.R.Crim. P. 57, where the Rules of Criminal Procedure did not offer a specific remedy. *See, e.g., State v. Dechaine*, 644 A.2d 458, 459 (Me.1994) (upholding Superior Court order pursuant to Rule 1(c) requiring defense counsel to return mistakenly released defense exhibits); *see also State v. Bowman*, 588 A.2d 728, 732–33 (Me. 1991); *State v. Libby*, 453 A.2d 481, 485–86 (Me.1982); *State v. Beal*, 446 A.2d 405, 409 (Me.1982); *State v. Hayford*, 412 A.2d 987, 988–90 (Me.1980); *State v. Gagnon*, 383 A.2d 25, 27 (Me.1978); *State v. Armstrong*, 344 A.2d 42, 52–54 (Me.1975).

7. The court granted Johnson's unopposed motion for a stay of execution during the pendency of this appeal.

*v. Gen. Elec. Co.,* 650 A.2d 941, 943 (Me. 1994) ("An interpretation of the [Rules of Civil Procedure] is subject to plenary review on appeal.").

[¶ 10] Johnson maintains that the only way the State could change the sex offender classification to redesignate him as a sexually violent predator was by a motion to correct a sentence pursuant to Rule 35. The State contends that Rule 35 is inapplicable to this case because an order under the current version of SORNA is a civil order, independent of Johnson's criminal sentence. Accordingly, the State asserts that, because there never was, and is not now, a procedure specifically prescribed to correct the sentence, Rule 1(c) is the only remedy available to it to correct Johnson's erroneous sex offender designation.

[¶ 11] Rule 35(a) allows for the correction of a sentence by motion of either party, or by the court, and "the justice or judge who imposed sentence may correct an illegal sentence or a sentence imposed in an illegal manner." M.R.Crim. P. 35(a). Johnson contends that Rule 35 was available to the State as a remedy to correct the improper designation of Johnson as a sex offender, albeit only for a one-year period, and, because there was a "procedure . . . specifically prescribed" for the State to use, Rule 1(c) does not apply and could not be used by the court to correct his sentence. We agree.

[¶ 12] When Johnson was sentenced on November 8, 2000, former 17–A M.R.S.A. § 1152(2–C) provided: *"As part of a sentence,* the court shall order every natural person who is a convicted sex offender or sexually violent predator, as defined under Title 34–A, section 11203 to satisfy all requirements set forth in the Sex Offender Registration and Notification Act of 1999." 17–A M.R.S.A. § 1152(2–C) (Supp.2000) (emphasis added); P.L.1995, ch. 680, § 4

(effective July 4, 1996). Thus, when the court sentenced Johnson, his sex offender registration was part of his criminal sentence. *See* 17–A M.R.S.A. § 1152(2–C); M.R.Crim. P. 35(d) ("A sentence is the *entire order of disposition* . . . .") (emphasis added).

[¶ 13] Because SORNA required the court to designate Johnson as a sexually violent predator, *see* 34–A M.R.S.A. § 11203(8)(B) (Supp.2000), its naming of Johnson as a sex offender was an improper categorization, and the sentence imposed was an illegal sentence, *see* M.R.Crim. P. 35(a). Rule 35 was available to the State as a remedy to correct the sentence, but the State failed to file such a motion within one year after imposition of the court's illegal sentence.

[¶ 14] In 2003, 17–A M.R.S.A. § 1152(2–C) was amended. The "as part of the sentence" language was deleted and replaced with the following language: *"At the time the court imposes a sentence,* the court shall order every natural person convicted of a sex offense or a sexually violent offense as defined under Title 34–A, section 11203 to satisfy all requirements set forth in the Sex Offender Registration and Notification Act of 1999." 17–A M.R.S.A. § 1152(2–C) (Supp.2004) (emphasis added); P.L.2003, ch. 771, § B–13 (effective July 30, 2004). The State correctly notes that, pursuant to the subsequent amendment, registration is now a separate order that is not part of the criminal sentence. *See* 17–A M.R.S. § 1152(2–C) (2005). At the time of Johnson's sentence, however, sex offender registration was part of his criminal sentence. *See* 17–A M.R.S.A. § 1152(2–C) (Supp.2000). Thus, the State had a remedy pursuant to Rule 35 to correct the infirmity in Johnson's sentence. Having failed to utilize that remedy, the State cannot now invoke Rule 1(c), which is applicable only "[w]hen no procedure is spe-

cifically prescribed ...." Rule 35(a) was a "specifically prescribed" remedy available to the State to correct the improper sentence designation of Johnson. Although the Rule 35(a) remedy is no longer available, the State cannot now invoke Rule 1(c) to accomplish what it could have accomplished within a year of Johnson's sentence.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of an order denying the motion of the State.