2007 ME 2

**STATE of Maine**

v.

**Loi NGO.**

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2006.

Decided: Jan. 4, 2007.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Attorney (orally), Portland, for State.

Robert A. Levine, Esq. (orally), Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

Concurrence: LEVY, J.

Dissent: SILVER, J.

SAUFLEY, C.J.

[¶ 1] Loi Ngo appeals from a judgment entered in the District Court (Portland, *Beaudoin, J.*) dismissing his motion, filed pursuant to M.R.Crim. P. 1(c), to vacate convictions for sexual abuse of a minor and criminal threatening. *See* 17–A M.R.S.

§ 209 (2005); 17–A M.R.S.A. § 254 (1998).[1] Ngo argues that the District Court improperly determined that it lacked jurisdiction to decide his motion, and that in his case, the post-conviction review statutes are unconstitutional as applied. Because we agree that the District Court lacked jurisdiction to decide Ngo's motion, we affirm the judgment.

## I.  BACKGROUND

[¶ 2] Ngo is a citizen of Vietnam and has been a resident of the United States since 1992. On February 3, 1998, while Ngo was represented by counsel, he pleaded guilty in the District Court to sexual abuse of a minor and the criminal threatening of a woman who, at the time, was his wife. The court sentenced Ngo to two consecutive terms of 364 days in jail and one year of probation, with the entire term suspended on the count for criminal threatening and all but ninety days suspended on the count for sexual abuse of a minor. Ngo apparently served his sentence without incident, and his probation was terminated early at the request of his probation officer on August 25, 1999. Several years later, in April of 2006, federal immigration officials took Ngo into custody after determining that he could be deported based on his criminal convictions.[2] Ngo is now being held in custody, allegedly awaiting deportation.

[¶ 3] Ngo filed a motion to vacate his convictions in the District Court on June 12, 2006, pursuant to M.R.Crim. P. 1(c), which allows for a flexible process in criminal matters when the Rules of Criminal Procedure do not otherwise provide a specific procedure. Ngo argued that his conviction was obtained unconstitutionally because, in 1998, he was deprived of adequate assistance of counsel when his court-appointed attorney failed to alert him to the immigration consequences of a guilty plea.[3] See Aldus v. State, 2000 ME 47, ¶¶ 18–21, 748 A.2d 463, 469–72; M.R.Crim. P. 11(h). Ngo argued that he "[did] not appear to be eligible" for the post-conviction review process in the Superior Court under 15 M.R.S. § 2124 (2005) because he was not under any restraint or impediment as required by the statute, and therefore Rule 1(c) was his sole remedy. The District Court dismissed the motion, reasoning that the Superior Court holds exclusive jurisdiction over post-conviction review and it, rather than the District Court, should determine whether that process is available. Ngo then filed his appeal.

## II.  DISCUSSION

[¶ 4] When the legality of a criminal conviction cannot be resolved by direct appeal or any "remedies that are incidental to proceedings in the trial court," the post-conviction review process is the exclusive means for judicial review. 15 M.R.S. § 2122 (2005); see also State v. Trott, 2004 ME 15, ¶ 8, 841 A.2d 789, 791. Jurisdiction over the post conviction review process rests exclusively in the Superior Court. 15 M.R.S. § 2123(1) (2005); Trott, 2004 ME 15, ¶ 13, 841 A.2d at 793.

---

1. Title 17–A M.R.S.A. § 254 has since been amended. See P.L.2003, ch. 138, §§ 2 to 4 (effective Sept. 13, 2003) (codified at 17–A M.R.S. § 254 (2005)).

2. Ngo alleges that the Department of Homeland Security became aware of his convictions when he applied for naturalization in 2005.

3. Ngo does not argue that he was not guilty of the charges, but only that he would have negotiated differently with the District Attorney's office had he been aware of the immigration consequences of the convictions.

■ [¶ 5] Ngo has not filed a post-conviction petition to have the Superior Court undertake a review of his challenge to the 1998 convictions. Instead, he relies on M.R.Crim. P. 1(c). Rule 1(c) provides that: "When no procedure is specifically prescribed the court shall proceed in any lawful manner not inconsistent with the Constitution of the United States or of the State of Maine, these rules or any applicable statutes." M.R.Crim. P. 1(c).

[¶ 6] We have made it clear, however, that Rule 1(c) does not give the court the authority to act where a procedure or remedy has been specified by rule or statute. The fact that a party has not availed himself of the specified rule or statute in a proper and timely manner, or anticipates that the procedure may not provide complete relief or would be unconstitutional as applied, does not change the fact that a procedure has been made available. *Cf. State v. Johnson*, 2006 ME 35, ¶ 14, 894 A.2d 489, 492–93 (holding that Rule 1(c) cannot be used to correct an illegal sentence after the expiration of the remedy provided in M.R.Crim. P. 35, which allows for the correction of such a sentence within one year of imposition). Ngo's motion under Rule 1(c), which seeks the relief that the post-conviction review process is intended to provide, cannot circumvent that process or defeat the procedural requirement that post-conviction review take place in the Superior Court. *Cf. State v. Liberty*, 2004 ME 88, ¶ 8, 853 A.2d 760, 762 (refusing to treat as a petition for post-conviction review an improper motion challenging a conviction in the District Court pursuant to M.R.Crim. P. 12(b)(2), which allows a defendant to object during a pending proceeding to a complaint that fails to charge an offense, because the motion was not filed in the Superior Court). Because Rule 1(c) does not provide a remedy to substitute for Ngo's failure to challenge his conviction through the post-conviction process, we must affirm the District Court's dismissal of his motion.

■ [¶ 7] Ngo argues to us that the post-conviction statutes are unconstitutional and violate his right to due process of law because they do not afford a remedy from an illegal conviction to someone who has served a sentence, but they do allow a person who refuses to pay a fine to challenge a conviction. *See* 15 M.R.S. § 2124(1)(E) (2005) (providing that an unpaid fine is a "present restraint" subject to post-conviction review). Ngo did not present his constitutional challenge to the District Court and, therefore, has failed to preserve it.[4]

The entry is:

Judgment affirmed.

LEVY, J., concurring.

[¶ 8] I join in the Court's opinion and write separately to address the view expressed by the dissent that today's decision and our prior decision in *State v. Trott*, 2004 ME 15, 841 A.2d 789, conclusively determine that Ngo is ineligible for post-conviction review.

[¶ 9] This case and *Trott* bear some similarity, but they are far from identical and present different questions of law. In *Trott* we concluded that when a criminal judgment sentenced an offender "to time previously served, imposed without any additional term of probation or other restriction on the individual, [it] is the functional equivalent of an unconditional discharge as that term is addressed by the post-convic-

---

4. We do not suggest that Ngo's failure to present his constitutional challenge in the context of his Rule 1(c) motion forecloses him from making the challenge in a post-conviction proceeding or other context.

tion review statute." *Id.* ¶ 13, 841 A.2d at 793. *Trott* did not consider whether the same is true when, as here, the offender has been released from incarceration and has successfully completed probation. In addition, in *Trott* we did not address the claim that if the statute is applied so as to deprive a person in Ngo's circumstances of the opportunity for post-conviction review, the statute violates the constitutionally guaranteed right to due process of law.[5] Finally, Ngo is not automatically barred from post-conviction review by the statute's limitations period. As we explained in *Diep v. State*, 2000 ME 53, ¶ 6, 748 A.2d 974, 976, a case also involving a claim that a defense attorney failed to advise an alien defendant that a guilty plea would subject the defendant to deportation, the limitations period runs from "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 15 M.R.S. § 2128(5)(C) (2005).

[¶ 10] Whether principles of statutory construction or constitutional law require that the post-conviction review statute be construed so as to permit individuals in Ngo's circumstances to challenge their convictions is a question that is not answered by *Trott* or our decision today.

SILVER, J., dissenting.

[¶ 11] I respectfully dissent from the majority's determination that the District Court lacked jurisdiction pursuant to M.R.Crim. P. 1(c) to decide Ngo's motion to vacate his convictions. Although I agree with the majority that the Superior Court holds exclusive power to conduct post-conviction review, our decision in *State v. Trott* conclusively determines that Ngo is ineligible for post-conviction review. As such, the majority view creates procedural inefficiency as well as substantive ineffectiveness.

[¶ 12] *Trott* involved a factual scenario similar to Ngo's. In 2001, Geno Trott, a citizen of Bermuda, pleaded no contest and was convicted of terrorizing his wife and obstructing the report of a crime. *State v. Trott*, 2004 ME 15, ¶ 3, 841 A.2d 789, 790. The court sentenced Trott to sixty days in jail, with credit for time served. *Id.* Because Trott had already served more than sixty days, he was released without further restriction or any term of probation. *Id.* In 2003, Trott applied to the Bureau of Citizenship and Immigration Services for an adjustment to his citizenship status. *Id.* ¶ 4, 841 A.2d at 790. The BCIS determined that each of Trott's convictions were deportable offenses. *Id.* Trott filed a motion in District Court for a writ of *coram nobis* and for post-conviction review, alleging that his no contest pleas were obtained in violation of his right to effective assistance of counsel and right to due process. *Id.* ¶¶ 5-6, 841 A.2d at 790-91. The District Court denied Trott's motion for lack of subject matter jurisdiction. *Id.* ¶ 5, 841 A.2d at 790-91.

[¶ 13] On appeal, we determined that Trott's situation—presently subject to restraint in the course of deportation proceedings—did not satisfy the jurisdictional prerequisite of present restraint for post-conviction review under paragraphs A, B,

---

5. Ngo contends that the post-conviction review statute is both irrational and arbitrary because it treats a criminal judgment for which a fine remains unpaid as a "present restraint or impediment" subject to post-conviction review, 15 M.R.S. § 2124(1)(E) (2005), but is silent with respect to a criminal judgment that has, at least indirectly, resulted in an offender's incarceration for a violation of federal immigration laws. Although Ngo challenges the statute's constitutionality in his brief to us, the issue was not presented to the District Court and is unpreserved.

D, or E of 15 M.R.S. § 2124(1) (2005).[6] *Id.* ¶ 9, 841 A.2d at 791–92. However, we ultimately determined that Trott was eligible for post-conviction review under paragraph C because a "sentence to time previously served, imposed without any additional term of probation or other restriction on the individual, is the functional equivalent of an unconditional discharge as that term is addressed by the post-conviction review statute." *Id.* ¶ 13, 841 A.2d at 793. Accordingly, we affirmed the District Court's ruling because a remedy was available to Trott to address his concerns through post-conviction review in Superior Court. *Id.*

[¶ 14] Like Trott, Ngo's restraint by federal immigration officials in the course of deportation proceedings is the direct result of the challenged criminal convictions but does not qualify as present restraint under paragraphs A, B, D, or E of 15 M.R.S. § 2124(1). However, unlike Trott, Ngo was sentenced to and served a probationary period, which disqualifies him from eligibility for post-conviction review under paragraph C. Thus, because Ngo has already completed his sentence and because his detainment by federal immigration officials does not satisfy the jurisdictional prerequisite of restraint or impediment, he is ineligible for post-conviction review.

[¶ 15] Post-conviction review is only the exclusive mode of review for matters that it covers; it does not cover Ngo's situation. Ngo's motion to vacate his criminal convictions is based on the failure of his attorney to inform him of the potential immigration consequences of his convictions. He "failed" to petition for post-conviction review in a timely manner because he did not learn of the immigration consequences until he was taken into federal custody years after he had completed his sentence. Ngo's custody and deportation proceedings do not constitute restraint or impediment under the post-conviction statute. The post-conviction review process simply does not contemplate Ngo's circumstances. Lacking a procedure specifically prescribed to address this situation, M.R.Crim. P. 1(c) is the proper jurisdictional basis for Ngo to bring his motion in District Court. Indeed, M.R.Crim. P. 1(c) is Ngo's only opportunity to obtain due process under the laws of Maine.

**6.** Title 15 M.R.S. § 2124 (2005), entitled "Jurisdictional prerequisite of restraint or impediment," states:

An action for post-conviction review of a criminal judgment of this State or of a post-sentencing proceeding following the criminal judgment may be brought if the person seeking relief demonstrates that the challenged criminal judgment or post-sentencing proceeding is causing a present restraint or other specified impediment as described in subsections 1 to 3:

1. Present restraint by criminal judgment. Present restraint or impediment as a direct result of the challenged criminal judgment:

A. Incarceration pursuant to the sentence imposed as a result of the criminal judgment which is challenged;

B. Other restraint, including probation, parole, other conditional release or a juvenile disposition other than incarceration or probation, imposed as a result of the sentence for the criminal judgment which is challenged;

C. A sentence of unconditional discharge resulting from a criminal judgment, for a period of 2 years following the date of sentence;

D. Incarceration, other restraint or an impediment specified in paragraphs A, B and C which is to be served in the future, although the convicted or adjudicated person is not in execution of the sentence either because of release on bail pending appeal of the criminal judgment or because another sentence must be served first; or

E. A fine imposed by the challenged criminal judgment which has not been paid;

. . . .

[¶ 16] Without any legal recourse, Ngo will be deported because he failed to petition for post-conviction review before he knew about what his counsel failed to tell him. *But cf. State v. Johnson*, 2006 ME 35, ¶¶ 5–7, 14, 894 A.2d 489, 490–91, 492–93 (denying the State's motion to correct a sentencing error under M.R.Crim. P. 1(c) four years after the sentence was imposed, where the State knew of the error at the time of judgment and commitment and a specific procedure was available pursuant to Rule 35(a) to correct the error within one year). The majority would allow a post-conviction review petition in Superior Court, where Ngo could challenge the constitutionality of the post-conviction review statute as applied to him. Suggesting that Ngo may bring a constitutional challenge does not thereby provide him with a procedure by which to bring his claim. M.R.Crim. P. 1(c), on the other hand, is a procedure that is, by definition, available to Ngo where no other procedure is prescribed, regardless of whether the absence of a procedure is constitutional. Further, it is not to be taken lightly that we have no assurance that Ngo will not be deported by federal immigration officials while his constitutional challenge to a state law is pending. It is our obligation to see that Ngo has an opportunity to present the merits of his position; it is not Ngo's obligation to be the vehicle through which the constitutionality of 15 M.R.S. § 2124 is tested. For these reasons, I would find that the District Court has jurisdiction to hear Ngo's motion to vacate his criminal convictions pursuant to M.R.Crim. P. 1(c).