2011 ME 84

**STATE of Maine**

v.

**Terry W. CHESNEL.**

Supreme Judicial Court of Maine.

Argued: June 13, 2011.
Decided: Aug. 2, 2011.

---

Caitlin Fullerton, Student Atty. (orally), Kimberly Pacelli, Student Atty., E. James Burke, Esq., Supervising Atty., Christopher Northrop, Esq., Supervising Atty., Portland, ME, for Terry Chesnel.

R. Christopher Almy, District Attorney, Susan J. Pope, Asst. Dist. Atty. (orally), Bangor, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1]  Terry W. Chesnel appeals from a judgment entered in the Unified Criminal Docket (Bangor, *R. Murray, J.*) denying his motion, filed more than two years after his criminal convictions, to modify the conditions governing the collection of his court fines while he is in prison.  Chesnel argues that the court erred in determining that the Department of Corrections was authorized to collect twenty-five percent of all funds deposited into his prison account for payment of court-ordered fines while he is in prison.  *See* 17–A M.R.S. § 1330(2), (3) (2010).  Because Chesnel did not raise this issue through a petition for post-conviction review, *see* 15 M.R.S. §§ 2121–2132 (2010); M.R.App. P. 19, we dismiss the appeal and remand the matter for the dismissal of Chesnel's motion.

## I.  BACKGROUND

[¶ 2]  In April 2008, Chesnel was charged by indictment with one count each

of aggravated operating after habitual offender revocation (Class C), 29–A M.R.S. § 2558(1)(A), (2)(D) (2010), and criminal operating under the influence (Class D), 29–A M.R.S. § 2411(1–A)(B)(1), (5) (2010). As part of an agreement with the State, Chesnel pleaded guilty to the charges.

[¶ 3] Chesnel was sentenced to five years in prison, with no portion of the term suspended, for the aggravated operating after habitual offender revocation conviction, and a concurrent 120 days, none suspended, for the conviction of criminal operating under the influence. The resulting judgments of conviction, entered by the court (*Nivison, J.*) in July 2008, required Chesnel to pay $3700 in court fines. Each judgment directed Chesnel "[t]o pay $75 monthly beginning 10/08/2013 or warrant to issue." These judgments did not require Chesnel to pay any restitution. Soon after Chesnel was incarcerated, the Department of Corrections began withdrawing twenty-five percent of all funds deposited into his prison account to satisfy Chesnel's court fines. *See* 17–A M.R.S. § 1330(2), (3).

[¶ 4] In August 2008, Chesnel wrote a letter to the court to express his dissatisfaction about the Department's collection of funds from his prison account. In October of that year, Chesnel filed a petition for post-conviction review, asserting that he had been denied effective assistance of counsel. His petition neither mentioned nor challenged the Department's collection of funds from his prison account. The court (*Nivison, J.*) denied Chesnel's petition in a judgment entered in December 2009. No appeal was taken.

[¶ 5] In August 2010, nearly two years after he filed his petition for post-conviction review, Chesnel filed the motion in his criminal case that is the subject of the present appeal. He moved to modify the conditions for collection of fines on the ground that the Department's collection of twenty-five percent of all funds deposited into his prison account to pay his fines was contrary to the court's sentence specifying that his fine payments were to begin on October 8, 2013. The court (*R. Murray, J.*) denied the motion. Its order explained, "Withholding of funds by DOC appears to be in accord with 17–A M.R.S.A. § 1330." Chesnel appeals from this ruling, contending that the Department's collection of funds without notice or hearing constitutes a modification by the Executive Branch of a criminal sentence imposed by the Judicial Branch, *see* Me. Const. art. III, §§ 1, 2, and an unconstitutional taking and violation of due process, *see* U.S. Const. amend. XIV, § 1; Me. Const. art. I, §§ 6–A, 21.

## II. DISCUSSION

[¶ 6] As a threshold matter, both Chesnel and the State focus on whether the Superior Court had jurisdiction to entertain Chesnel's motion filed in the Unified Criminal Docket. The State contends that the court lacked jurisdiction to act on Chesnel's motion to modify the conditions for collection of his court fines because the exclusive avenue to raise such a challenge was through a timely petition for post-conviction review. *See* 15 M.R.S. §§ 2121–2132; M.R.Crim. P. 65–75A. Chesnel argues that the motion court had jurisdiction to entertain his motion as (A) a motion for relief pursuant to M.R.Crim. P. 1(c); (B) a complaint for a declaratory judgment; or (C) a petition for post-conviction review. We consider Chesnel's contentions in order.

### A. M.R.Crim. P. 1(c)

[¶ 7] Rule 1(c) of the Maine Rules of Criminal Procedure provides: "When no procedure is specifically prescribed the court shall proceed in any lawful manner not inconsistent with the Constitution of

the United States or of the State of Maine, these rules or any applicable statutes."

[¶ 8] A core requirement for application of Rule 1(c) is that no other procedure be "specifically prescribed." Here, another procedure is specifically prescribed because, as we have previously held, the post-conviction review process is "a single, unified system of post-conviction relief." *State v. Blakesley,* 2010 ME 19, ¶ 23, 989 A.2d 746, 751 (quotation marks omitted); *see also State v. Ngo,* 2007 ME 2, ¶ 6, 912 A.2d 1224, 1226. Because the post-conviction relief statute and rules do specifically prescribe the process for asserting that a sentence has been "unlawfully imposed," 15 M.R.S. § 2125, Rule 1(c) does not provide a jurisdictional basis for the court to consider Chesnel's motion. *See Ngo,* 2007 ME 2, ¶ 6, 912 A.2d at 1226; *see also Blakesley,* 2010 ME 19, ¶ 24, 989 A.2d at 752.

B. Complaint for Declaratory Judgment

■ [¶ 9] We are also unpersuaded by Chesnel's argument that his motion should be construed as a civil motion seeking a declaratory judgment. Chesnel did not, as required by the Maine Rules of Civil Procedure, commence a declaratory judgment action by filing a civil complaint. *See* M.R. Civ. P. 57; *see also* 14 M.R.S. §§ 5951–5963 (2010) (Declaratory Judgments Act). Even under the most liberal view of pleadings, we cannot treat a motion filed in a closed criminal case as a civil complaint seeking a declaratory judgment.

C. Petition for Post–Conviction Review

■ [¶ 10] The only remaining possible jurisdictional basis for Chesnel's mo-

tion is if we treat it as a petition for post-conviction review. As we will explain, this avenue is precluded because Chesnel failed to include his challenge to the Department's actions in his earlier petition seeking post-conviction review.

[¶ 11] A person seeking post-conviction review is required by statute to raise all possible grounds for relief in a single action. *See* 15 M.R.S. § 2128(3).[1] Issues not raised in that single, properly filed petition are deemed waived unless to do so would be unconstitutional or "the court determines that the ground could not reasonably have been raised in an earlier action." *Id.*

[¶ 12] At the time that Chesnel filed his motion challenging the Department's collection of fines, he had already filed his petition for post-conviction review. In that petition, he did not challenge the Department's withdrawal of funds from his account, and he has shown no good reason why he could not have raised the issue at that time. *See id.* Indeed, Chesnel's August 2008 letter to the court demonstrates that he was aware of the Department's collection of funds before he filed his post-conviction review petition alleging ineffective assistance of counsel. Because his petition for post-conviction review failed to raise the issue that he subsequently asserted in his motion, Chesnel waived review of the issue. *See id.*

■ [¶ 13] Chesnel's motion was also ineffective as a petition for post-conviction review because it was not filed before the statutory deadline. The Legislature has imposed a one-year limitation period on

---

1. The relevant subsection provides:

   **Waiver of grounds not raised.** All grounds for relief from a criminal judgment or from a post-sentencing proceeding shall be raised in a single post-conviction review action and any grounds not so raised are waived unless the State or Federal Constitution otherwise require or unless the court determines that the ground could not reasonably have been raised in an earlier action.

   15 M.R.S. § 2128(3) (2010).

post-conviction review actions that runs from the latest of three events, two of which could be applicable here:

A. The date of final disposition of the direct appeal from the underlying criminal judgment or the expiration of the time for seeking the appeal; [or]

. . . .

C. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2128(5). The judgments of conviction were entered on July 8, 2008, and the period for seeking a direct appeal from either conviction expired on July 29, 2008. *See* M.R.App. P. 2(b)(2)(A). By August 2008, Chesnel had indicated to the court in correspondence that he did not believe money should be collected from his prison account to pay for court fines. He did not file his motion to challenge that withholding until August 12, 2010—more than a year after he discovered the Department's collection actions. Chesnel's motion does not, therefore, constitute a timely filed petition for post-conviction review. *See* 15 M.R.S. § 2128(5)(A), (C).

2. Even if we were to reach the merits of Chesnel's contentions, however, we would conclude that he is not entitled to relief. By statute, a prisoner who is not participating in work release and "who receives money, from any source, shall pay 25% of that money to any victim or the court if the court has ordered that restitution or a fine be paid." 17–A M.R.S. § 1330(2) (2010). "The chief administrative officer of the correctional facility where the prisoner is incarcerated shall ... collect and disburse to the court that portion of the prisoner's money ordered as fines after the restitution is paid in full." *Id.* These collections and disbursements are made "regardless of whether payment has been stayed in the court order." *Id.* § 1330(3).

Accordingly, the Department acted within its statutory authority, consistent with the state and federal constitutions, by executing a law enacted by the Legislature—a law that Chesnel was presumed to know. *See* Me.

## III. CONCLUSION

[¶ 14] We thus conclude that the court was without jurisdiction to entertain Chesnel's motion and that this matter should be remanded to the Superior Court for a dismissal of the motion.[2]

The entry is:

Appeal dismissed. Remanded for dismissal of Chesnel's motion.

Const. art. III, § 2, art. IV, pt. 3, § 1, art. V, pt. 1, § 12; *Raynes v. Dep't of Corr.*, 2010 ME 100, ¶ 17, 5 A.3d 1038, 1041. Neither the State nor the court were required by principles of due process to provide Chesnel with specific notice, before entry of the guilty plea, of the publicly available statute that provides for the collection of funds from prison accounts. *See* U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6–A; *Raynes*, 2010 ME 100, ¶ 17, 5 A.3d at 1041; *State v. Blakesley*, 2010 ME 19, ¶¶ 28–29, 989 A.2d 746, 753 (noting that a criminal conviction may result in the forfeiture of property—a reality that a person charged with a crime must consider). Nor did the collection of funds from the prison account amount to an unconstitutional taking because the funds were not "taken for public uses," but rather were collected to satisfy Chesnel's personal obligation to pay court fines. Me. Const. art. I, § 21.