2008 ME 71

**LOI VAN NGO**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued: Jan. 18, 2008.

Decided: April 29, 2008.

---

Robert A. Levine, Esq. (orally), Portland, ME, for Loi Ngo.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty. (orally), Portland, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

Concurrence: LEVY. J.

ALEXANDER, J.

[¶ 1] Loi Van Ngo appeals from a judgment of the Superior Court (Cumberland County, *Wheeler, J.*) dismissing his petition for post-conviction review pursuant to 15 M.R.S. §§ 2121–2132 (2007). Ngo argues that as a non-citizen awaiting the outcome of deportation proceedings that were instituted based on prior State convictions, he is subject to the functional equivalent of an indirect impediment within the meaning of 15 M.R.S. § 2124(3)(C). He also asserts that his construction of the statute avoids rendering the post-conviction review statute unconstitutionally arbitrary as applied to him. We affirm the judgment.

## I. CASE HISTORY

[¶ 2] Loi Van Ngo is a citizen of Vietnam and has been a resident of the United States since 1993. In February 1998, while represented by counsel, Ngo pled guilty to two Class D offenses: sexual abuse of a minor, 17–A M.R.S.A. § 254 (Supp.1998),[1] and criminal threatening, 17–A M.R.S. § 209 (2007). The sex offense involved a sex act with an underage child. The criminal threatening offense involved a domestic dispute in which Ngo was alleged to have threatened his wife with a knife. As part of the plea agreement, the criminal threatening charge was reduced from a Class C felony to a Class D misdemeanor. The court sentenced Ngo to two consecutive terms of 364 days in jail and one year of probation, with the entire term suspended on criminal threatening offense

and all but ninety days suspended on sexual abuse of a minor offense. Ngo served his sentence, and his probation was terminated early at the request of his probation officer on August 25, 1999.

[¶ 3] In April of 2006, federal immigration officials instituted deportation proceedings against Ngo based on his 1998 criminal convictions. Ngo was detained for some time after the deportation proceedings began. However, at oral argument, counsel advised that although the deportation proceedings continue, Ngo has been released from detention because the government of Vietnam has advised that they will not allow his return.

[¶ 4] After his deportation detention, Ngo filed a motion to vacate his 1998 convictions pursuant to M.R.Crim. P. (1)(c),[2] asserting that he was deprived of effective assistance of counsel and due process because neither his attorney nor the court warned him that the misdemeanor offenses to which he pled guilty constituted deportable offenses. The District Court (Portland, *Beaudoin, J.*) entered a judgment dismissing Ngo's motion. Ngo appealed that judgment, arguing that the District Court improperly determined that it lacked jurisdiction to decide his motion and that the post-conviction review statutes are unconstitutional as applied to him. *State v. Ngo,* 2007 ME 2, ¶ 1, 912 A.2d 1224, 1224–25. We affirmed the judgment, holding that the District Court lacked jurisdiction because M.R.Crim. P. 1(c) does not provide a remedy to substitute for the post-conviction review process. *Id.* ¶¶ 6, 7, 912 A.2d at 1226. We declined to rule on

---

1. Title 17–A M.R.S.A. § 254 has since been amended. *See* P.L. 2003, ch. 138, §§ 2–4 (effective Sept. 13, 2003), P.L. 2001, ch. 383, §§ 21, 156 (effective Sept. 21, 2001) (codified at 17–A M.R.S. § 254 (2007)).

2. M.R.Crim. P. (1)(c) provides:

**Procedure When None Specified.** When no procedure is specifically prescribed the court shall proceed in any lawful manner not inconsistent with the Constitution of the United States or of the State of Maine, these rules or any applicable statutes.

Ngo's constitutional claim because he failed to preserve that issue for appeal, but we noted that Ngo was free to raise a constitutional challenge in the context of a post-conviction proceeding. *Id.*

[¶ 5] Ngo then filed a petition for post-conviction review pursuant to 15 M.R.S. §§ 2121–2132, and challenged the constitutionality of the post-conviction review statute to the extent that it does not afford him the opportunity to challenge his prior convictions. The Superior Court dismissed his petition because Ngo failed to demonstrate that the criminal judgment he sought to challenge was causing him a present restraint or impediment within the meaning of 15 M.R.S § 2124(1). Ngo filed a timely appeal pursuant to M.R.App. P. 19. We granted a certificate of probable cause "on the sole issue of whether the requirement of 15 M.R.S. § 2124 (2006) is constitutional as it applies to Mr. Ngo."

## II. LEGAL ANALYSIS

### A. Functional Equivalent of 15 M.R.S. § 2124(3)(C)

■ [¶ 6] Ngo argues that he satisfies the jurisdictional prerequisite of the post-conviction review statute, 15 M.R.S. § 2124, which requires that the challenged criminal conviction impose a defined restraint or impediment, because his situation is the functional equivalent of the impediment described in section 2124(3)(C) (a challenged conviction being an element of a subsequently charged crime).

[¶ 7] Title 15 M.R.S. § 2124 provides in relevant part:

§ 2124. **Jurisdictional prerequisite of restraint or impediment**

An action for post-conviction review of a criminal judgment of this State or of a post-sentencing proceeding following the criminal judgment may be brought if the person seeking relief demonstrates that the challenged criminal judgment or post-sentencing proceeding is causing a present restraint or other specified impediment as described in subsections 1 to 3:

1. **Present restraint by criminal judgment.** Present restraint or impediment as a direct result of the challenged criminal judgment:

A. Incarceration pursuant to the sentence imposed as a result of the criminal judgment which is challenged;

B. Other restraint, including probation, parole, other conditional release or a juvenile disposition other than incarceration or probation, imposed as a result of the sentence for the criminal judgment which is challenged;

C. A sentence of unconditional discharge resulting from a criminal judgment, for a period of 2 years following the date of sentence;

D. Incarceration, other restraint or an impediment specified in paragraphs A, B and C which is to be served in the future, although the convicted or adjudicated person is not in execution of the sentence either because of release on bail pending appeal of the criminal judgment or because another sentence must be served first; or

E. A fine imposed by the challenged criminal judgment which has not been paid;

. . . .

3. **Present indirect impediment.** Present restraint or impediment resulting indirectly from the challenged criminal judgment of this State:

. . . .

C. A pending trial or any of the restraints or impediments specified in subsection 1 following a criminal judg-

ment in this State, another state or in a Federal Court for a crime for which proof of the criminal judgment of this State that is challenged constitutes an element of the subsequent crime.

[¶ 8] In *State v. Trott*, 2004 ME 15, 841 A.2d 789, we addressed a case of a non-citizen who was detained in the course of deportation proceedings that were instituted based on prior convictions, for which he was sentenced to time served without probation. We held that Trott was not experiencing a restraint "other than incarceration or probation, imposed as a result of the sentence for the criminal judgment which is challenged" within the meaning of 15 M.R.S. § 2124(1)(B) because "this restraint is imposed as a result of the judgment itself, not the sentence for the judgment." 2004 ME 15, ¶¶ 8–10, 841 A.2d at 791–92. However, following the rule of statutory construction that we do "not construe legislation to create absurd results," *Town of Eagle Lake v. Comm'r, Dep't of Educ.*, 2003 ME 37, ¶ 7, 818 A.2d 1034, 1037, we held that Trott's sentence to time previously served, imposed without any additional term of probation or other restriction on the individual, was the "functional equivalent" of a "sentence of unconditional discharge resulting from a criminal judgment, for a period of 2 years following the date of sentence" within the meaning of section 2124(1)(C). *Trott*, 2004 ME 15,

¶ 13, 841 A.2d at 792–93. We reasoned that a "sentence to time served without probation or other form of restraint or supervision is identical to an unconditional discharge in that it represents a determination by the court that, at the time of sentencing, 'no proper purpose would be served by imposing any condition or supervision' on an offender's release." *Id.* ¶ 12, 841 A.2d at 792 (quoting 17–A M.R.S.A. § 1201(2) (1983)).

[¶ 9] Like Trott, Ngo cannot demonstrate a restraint or impediment that falls within the plain meaning of those described by the post-conviction review statute. Unlike Trott, Ngo is not experiencing the functional equivalent of any of the restraints or impediments described by the statute. Contrary to Ngo's contention, a pending deportation proceeding that will determine whether Ngo is deportable because of his prior state convictions is not the functional equivalent of "[a] pending trial ... for a crime for which proof of the criminal judgment of this State that is challenged constitutes an element of the subsequent crime" within the meaning of section 15 M.R.S. § 2124(3)(C).[3]

[¶ 10] The United States Supreme Court has consistently held that deportation proceedings are civil proceedings and that deportation is a civil rather than a criminal sanction. *See, e.g., INS v. Lopez–Mendoza*, 468 U.S. 1032, 1050–51, 104

---

**3.** The full text of 15 M.R.S. § 2124(3)(C) (2007) allows a defendant to bring an action for post-conviction review if the defendant is facing "[a] pending trial or *any of the restraints or impediments specified in subsection 1* following a criminal judgment in this State, another state or in a Federal Court for a crime for which proof of the criminal judgment of this State that is challenged constitutes an element of the subsequent crime." (emphasis added.) However, Ngo cannot demonstrate any of the restraints or impediments specified in subsection (1) because he did not receive a sentence of unconditional

discharge within the meaning of subsection (1), paragraph (C) and because, as we held in *State v. Trott*, a non-citizen who is being restrained in the course of deportation proceedings that were instituted because of the non-citizen's prior convictions is not undergoing a present restraint within the meaning of subsection (1), paragraphs A, B, D, or E. 2004 ME 15, ¶ 9, 841 A.2d 789, 791–92; 15 M.R.S. § 2124(1). Accordingly, we address only whether Ngo's situation is the functional equivalent of a "pending trial." *See* 15 M.R.S. § 2124(3)(C).

S.Ct. 3479, 82 L.Ed.2d 778 (1984); *Galvan v. Press,* 347 U.S. 522, 530–32, 74 S.Ct. 737, 98 L.Ed. 911 (1954). Although the government must prove Ngo's prior convictions as an element to establish that he is a deportable alien, being deportable is not a separate crime. *See Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 491, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) ("Even when deportation is sought because of some act the alien has committed, in principle the alien is not being punished for that act (criminal charges may be available for that separate purpose) but is merely being held to the terms under which he was admitted.").

[¶ 11] Contrary to his contention, Ngo is not being tried for what is "effectively" the crime of trespass because, until an immigration judge decides that he is, in fact, removable, his presence in this country is lawful. *See, e.g.,* 17–A M.R.S. § 402 (2007) (defining criminal trespass in relevant part as remaining "in any place in defiance of a lawful order to leave"). Although the outcome of the deportation proceedings, like the outcome of a criminal trial, could lead to a deprivation of liberty, and although "the consequences of deportation may assuredly be grave," unlike imprisonment, deportation is not imposed as punishment. *Reno,* 525 U.S. at 491, 119 S.Ct. 936; *See Galvan,* 347 U.S. at 530–31, 74 S.Ct. 737; *see also Resendiz v. Kovensky,* 416 F.3d 952, 957 (9th Cir.2005) (holding that immigration consequences of a state conviction continue to be collateral). Because of these distinctions, Ngo's situation is not the functional equivalent of 15 M.R.S. § 2124(3)(C).

### B. Constitutionality of the Post-conviction Review Statute's Jurisdictional Prerequisite

■ [¶ 12] Ngo argues that if the jurisdictional prerequisite of the post-conviction review statute does not allow him to maintain a cause of action for post-conviction review, then the statute is unconstitutionally arbitrary as applied to him.

[¶ 13] The right to post-conviction review is not a fundamental right and thus, the statute is constitutional if it is rationally related to the government's interest.[4] *See Washington v. Glucksberg,* 521 U.S. 702, 728, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997); *PFZ Props., Inc. v. Rodriguez,* 928 F.2d 28, 31–32 (1st Cir.1991); *Swan v. Sohio Oil Co.,* 618 A.2d 214, 219 (Me.1992).

■ [¶ 14] "When a statute is reviewed under the rational basis standard, it bears a strong presumption of validity." *Anderson v. Town of Durham,* 2006 ME 39, ¶ 29, 895 A.2d 944, 953. "A statute runs afoul of the Due Process Clause only if it 'manifests a patently arbitrary classification, utterly lacking in rational justification.'" *United States v. Neal,* 46 F.3d 1405, 1409 (7th Cir.1995) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 768, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). "[T]he statute's justification need not be expressly articulated or readily apparent 'so long as a court can divine some rational purpose.'"

---

4. Fundamental rights are those that are "deeply rooted" in our Nation's history, legal traditions, and practices. *Washington v. Glucksberg,* 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). The right Ngo is asserting is the right to challenge the constitutionality of a prior criminal conviction when he is facing the possibility of deportation based on that conviction but is no longer facing a restraint or impediment resulting directly or indirectly from the challenged conviction. Such a right is not deeply rooted in our nation's history, traditions, and practices. *See Daniels v. United States,* 532 U.S. 374, 380–81, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (recognizing that criminal convictions must be constitutional, but holding that the right to challenge the constitutionality of prior convictions is not an infinite one).

*Id.* (quoting *United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.1989)).

[¶ 15] The jurisdictional prerequisite of the post-conviction statute, 15 M.R.S. § 2124, is constitutionally sound. Limiting actions for post-conviction review is rationally related to legitimate state interests in promoting timely resolution of criminal charges, protecting the finality of judgments, and providing closure for injured victims. *See Daniels v. United States,* 532 U.S. 374, 378–80, 383, 121 S.Ct. 1578, 149 L.Ed.2d 590(2001).

[¶ 16] There is a rational distinction between Ngo's situation and the restraints and impediments described by section 2124, which are all imposed by a government as a criminal punishment. The deportation that Ngo may face, based on the criminal judgment he seeks to challenge, is a civil sanction and one that is not imposed as punishment for a crime. *See Reno,* 525 U.S. at 491, 119 S.Ct. 936; *INS v. Lopez–Mendoza,* 468 U.S. at 1050, 104 S.Ct. 3479. Federal courts treat the immigration consequences of state court convictions that Ngo potentially faces as collateral consequences, not as punishment. *See, e.g., Resendiz,* 416 F.3d at 957; *United States v. Gonzalez,* 202 F.3d 20, 27–28 (1st Cir. 2000). Therefore, it is rational to distinguish between persons in Ngo's position and persons who can demonstrate one of the direct or indirect impediments described in 15 M.R.S. § 2124. Because the jurisdictional prerequisite of the post-conviction review statute is not "utterly lacking in rational justification," *Neal,* 46 F.3d at 1409, it is not unconstitutionally arbitrary as applied to Ngo and does not violate his right to substantive due process.

The entry is:

Judgment affirmed.

LEVY, J., concurring.

[¶ 17] I join in the Court's opinion. I write separately to emphasize that the sole constitutional issue raised by Ngo is whether the post-conviction review statute, 15 M.R.S. §§ 2121–2132 (2007), violates his right to substantive due process under the United States and Maine Constitutions. Therefore, we have not addressed whether the statute affords all of the process that is constitutionally required for an individual who claims, long after completing any incarceration and probation, to be harmed by serious collateral consequences arising from an allegedly unconstitutional criminal conviction. *See State v. Trott,* 2004 ME 15, ¶ 13, 841 A.2d 789, 792–93 (finding it unnecessary to address a defendant's claim to the writ of *coram nobis* where the defendant otherwise qualified for post-conviction review under 15 M.R.S. § 2124(1)(C)); *see also Thoresen v. State,* 239 A.2d 654, 655 (Me.1968) (finding the writ of *coram nobis* no longer available).